IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| RICHARD E. MOYLAN, | Superior Court Case No. <u>CV0760-16</u> |
| Plaintiff/Counterclaim Defendant, | |
| vs. | **DECISION AND ORDER RE DEFENDANT AXE MURDERER TOURS GUAM/BEACH HOUSE'S RENEWED MOTION FOR RECONSIDERATION** |
| AXE MURDERER TOURS, INC., ET AL., | |
| Defendants/Counter-claimants. | |
| AND RELATED COUNTERCLAIMS AND THIRD-PARTY CLAIMS. | |

The Court here considers Defendant/Counterclaimant Axe Murderer Tours Guam/Beach House's (AMT) Renewed Motion for Reconsideration of the Court's December 13, 2018 Decision and Order re Motion to Dismiss Counterclaims and Third-Party Claims. Having considered the parties' arguments and applicable law, the Court GRANTS AMT's Motion.

## I.   PROCEDURAL AND FACTUAL HISTORY

On August 2, 2017, Plaintiff Richard Moylan and Third-Party Defendant Douglas Moylan moved the Court to dismiss Defendants and Third-Party Plaintiffs AMT, Paseo View Properties, Inc., and E.C. Development, LLP's counterclaims and third-party claims, claiming immunity under the Citizen Participation in Government Act of 1998. AMT had filed counterclaims against the Moylans for Trespass, Nuisance, Injunction, Harassment, and Tortious Interference with Business Relations.

ORIGINAL

In its December 13, 2018 Decision and Order re Motion to Dismiss Counterclaims and Third-Party Claims, the Court granted summary judgment in favor of the Moylans as to AMT's Harassment and TIBR counterclaims and third-party claims concerning the Moylans' reports to the Government of Guam and Douglas Moylan's photographing of AMT employees and customers, finding that the CPGA immunized those activities. The Court reaffirmed its position in its December 30, 2019 Decision and Order re Motion for Reconsideration, finding that a passage in *Sandholm v. Kuecker*, 962 N.E.2d 418 (Ill. 2012) "convinces this Court that Guam should not follow the Illinois approach under the present circumstances." Dec. and Order at 4 (Dec. 30, 2019).

Subsequently, the Supreme Court of Guam issued *Cho v. Alupang Beach Club, Inc.*, 2020 Guam 10, and adopted *Sandholm*'s substantial basis test, further developing Guam's CPGA jurisprudence. In response, AMT has renewed its motion for reconsideration.

## II.    LAW AND DISCUSSION

AMT seeks reconsideration based on an intervening change in controlling law. Reconsideration may be granted on the grounds of "a change of law occurring after the time of such decision...." under CVR 7.1(i). *See also Ward v. Reyes*, 1998 Guam 1 ¶ 10.

The Supreme Court of Guam issued *Cho v. Alupang Beach Club, Inc.*, 2020 Guam 10, on May 28, 2020, and specifically cited to *Sandholm* in interpreting the following provision in the CPGA: "Applicability. This Chapter applies to any motion to dispose of a claim in a judicial proceeding on the grounds that the claim is *based on, relates to or is in response to* any act of the moving party in furtherance of the moving party's rights as described in [7 GCA ] § 171104." 7 GCA § 17105 (emphasis added). *Cho* determined that the provision "based on, relates to or is in



response to" excludes motions brought against "claims with a substantial basis other than or in addition to the petitioning activities." *Cho*, 2020 Guam 10 ¶ 12. Though the Moylans argue that AMT fails to satisfy the reconsideration rule because "the *Cho* decision does not alter the legal reasoning applied in the Court's December 13, 2019 decision," the Court disagrees. Opp'n at 2 (July 1, 2020). This Court expressly determined to not follow the *Sandholm* approach, an approach the Guam Supreme Court subsequently adopted in *Cho*. The Court therefore finds that AMT satisfies the reconsideration standard.

AMT asks the Court to reconsider granting summary judgment in favor of the Moylans. It argues that the Moylans have failed to establish a prima facie showing that AMT's counterclaims and third-party claims are solely based on protected petitioning activities; they allege that the Moylans' actions were intended to harass AMT and interfere with AMT's business. Mot. at 3 (June 2, 2020).

The Moylans have the burden of making a prima facie showing that "the claims against them are based on protected petitioning activities." *Enriquez v. Smith*, 2015 Guam 29 ¶ 12. To establish a prima facie showing, the Moylans "must show that the petitioning or protected activity itself is the wrong complained of." *Cho*, 2020 Guam 10 ¶ 7. In short, they must demonstrate that their pleadings and affidavits have "no substantial basis other than or in addition to the petitioning activities." *Id.* at ¶ 8 (quoting *Duracraft Corp. v. Holmes Prods. Corp.*, 691 N.E.2d 935, 943 (Mass. 1998)). A court must focus "on the conduct complained of, not the remedies sought." *Id.* at ¶ 14.

The Court's initial decision granted summary judgment in favor of the Moylans as to AMT's Harassment and TIBR counterclaims and third-party claims because the evidence


ORIGINAL

indicated the Moylans raised legitimate safety concerns and because the Court could not say "without hesitancy" that the Moylans used the petitioning process as litigation leverage. Dec. and Order at 8-12 (Dec. 13, 2018). The Court also found that counterclaims and third-party claims concerning Douglas Moylan's photography "fell within the breathing space of the First Amendment." Dec. and Order at 12 (Dec. 13, 2018).

In light of the ruling in *Cho*, the Court must now determine whether AMT's claims have a substantial basis other than or in addition to the Moylans' petitioning activities. Courts vary on what constitutes a "substantial basis." In *Cho*, the parties' performance under a Settlement Agreement constituted a substantial basis other than the defendant's petitioning activity to support the plaintiff's claims. 2020 Guam 10 ¶ 17. In *Duracraft Corp. v. Holmes Products Corp.*, the court denied summary judgment on the basis that a nondisclosure agreement constituted a substantial basis other than the defendant's petitioning activity. 691 N.E.2d 935, 943-44 (Mass. 1998). In *Sandholm v. Kueckler*, the court found that the defendants failed to establish that the plaintiff's defamation claims were "solely 'based on, relate[d] to, or in response to'" their protected petitioning activity. 962 N.E.2d 418, 434 (Ill. 2012).

While the Moylans argue that their petitions to government agencies are the sole factual bases for AMT's claims against them, the pleadings demonstrate otherwise. As one court found, "[a]lthough one could infer that the defendants' persistent petitioning activities played a role in the plaintiffs' decision to file the complaint, there was also an independent basis for the complaint—that the defendants were intentionally interfering with the plaintiffs' right to use and enjoy their property." *Ayasli v. Armstrong*, 780 N.E.2d 926, 933 (2002) (movants demonstrated that neighbors' conduct in harassing movants formed an independent basis for complaint). AMT



has that same independent basis here--that the manner in which Douglas Moylan took his photographs amounted to harassment and tortious interference of business relations. This is evident in the TIBR claim which alleges that "Richard E. Moylan through his agent Douglas Moylan committed harassment by approaching [AMT's] employees and customers, taking pictures of them, occasionally within inches of their faces, their vehicles and their license plates." AMT Countercl. ¶ 44 (July 13, 2017). Moreover, in an interaction with an AMT employee, "Douglas Moylan raised his hand to motion for the employee to leave and in doing so, struck the employee." AMT Countercl. ¶ 46.

The Moylans argue that denying CPGA protection when there is a mixed claim involving protected activity "allows plaintiffs to simply artfully draft complaints to 'SLAPP' persons who report possible wrongdoing to law enforcement authorities, thereby negating the findings and declared legislative purposes of our Anti-SLAPP/CPGA law." Opp'n at 3. The Court disagrees--this interpretation simply urges the Court to differentiate more closely between meritorious and meritless claims by ascertaining that their basis is solely protected petitioning activity. It strives to create a more equitable balance between the rights of persons to file lawsuits and the rights of other persons to petition. 7 GCA § 17102(b)(2). This interpretation also closely follows *Cho's* direction to exclude motions from CPGA protection when a substantial basis exists other than or in addition to the petitioning activities implicated. *Cho*, 2020 Guam 10 ¶ 12.

### III.   <u>CONCLUSION</u>

For the aforementioned reasons, the Court GRANTS AMT's Renewed Motion. The Court's December 13, 2018 Decision and Order is amended in that the Moylans' CPGA motions



are denied as to AMT's Harassment and TIBR counterclaims and third-party claims. The harassment and TIBR claims are hereby reinstated.

The Court notes that the CPGA provides the right to an expedited appeal from a trial court order denying a motion under that provision. 7 GCA § 17106(a)(2). The pending motions in this case will remain in abeyance for at least thirty days. If no appeal is filed within that time, the Court will issue an Order which outlines which motions will be heard or considered next. Moreover, given this Decision and Order denying the Moylans' CPGA claims in full, the Court finds the issue of the Calvo Fisher & Jacob's attorneys' depositions concerning damages and attorneys' fees under the CPGA to be MOOT.

SO ORDERED this 9th day of October 2020.

**HON. ELYZE M. IRIARTE**
**Judge, Superior Court of Guam**

Appearing Attorneys:

Douglas B. Moylan, Esq., Law Offices of Douglas B. Moylan, for Plaintiff/Counter-Defendant Richard E. Moylan

Gary W.F. Gumataotao, Esq., Law Offices of Gumataotao & Pole, P.C., for Plaintiff/Counter-Defendant Richard E. Moylan and Third-Party Defendant Douglas B. Moylan

Curtis C. Van de Veld, Esq., The Vandeveld Law Offices, P.C., for Plaintiff/Counter-Defendant Richard E. Moylan and Third-Party Defendant Douglas B. Moylan.

Jeffrey Cook, Esq., Law Offices of Cunliffe & Cook, for Defendant Axe Murderer Tours Guam/Beach House

Mitchell Thompson, Esq., Thompson Thompson & Alcantara, P.C., for Defendant/Counterclaimant/Third-Party Plaintiff E.C. Development, LLP, and Defendant Paseo View Properties, Inc.

SERVICE VIA E-MAIL
I acknowledge that an electronic copy of the original was e-mailed to:

D. MOYLAN, GUMATAOTAO
CURTIS

Date: 10/9/20 Time:

Deputy Clerk, Superior Court of Guam

SERVICE VIA E-MAIL
I acknowledge that an electronic copy of the original was e-mailed to:

J. COOK
M. THOMPSON

Date: 10/9/20 Time:

Deputy Clerk, Superior Court of Guam